UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARK ALLEN HORTON | ) | |
| | ) | |
| V. | ) | NO. 2:06-CV-260 |
| | ) | |
| ERWIN COUNTY JAIL; SHERIFF'S | ) | |
| DEPT., CITY OF ERWIN, and | ) | |
| KENT HARRIS | ) | |

**MEMORANDUM and ORDER**

Mark Allen Horton, a prisoner now confined in the Washington County Detention Center, brings this *pro se* civil rights action for damages under 42 U.S.C. § 1983, challenging the conditions to which he allegedly was subjected while he was housed in the jail in Erwin, Tennessee.

I. **The Filing Fee**

Because plaintiff is a prisoner, he is assessed the filing fee of three hundred, fifty dollars ($350). Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either:

(1) the average monthly deposits to plaintiff's inmate trust account <u>or</u>

(2) the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10.00), until the full filing fee has been paid.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the custodian of plaintiff's inmate trust account at the facility where he is presently housed and to George Little, Commissioner of the Tennessee Department of Correction.

## II. The Complaint

In the complaint, plaintiff states his claim as follows:

"The Erwin Jail, and Sherriff allowed inmates to threated my life. Discriminate my privilegeds and deny my religion exercise. Caused my to sleep on the floor in a overcrowed jail. I slept in a 16 bed dorm, with 32 inmates. Unsanitary cell, bathroom, toilet and shower. Very nasty in whole cell block. Jailor handed out medicine, getting it mixed up. Discriminated, and threaten me because of the color of my skin." (Compl., at ¶ IV).

---

[1] **Send the payments to:** Clerk's Office, USDC
220 W. Depot St., Suite 200
Greeneville, TN 37743.

III. **Screening the Complaint**

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit (or individual defendants or claims against them) must be dismissed.

    A. Defendants

At the outset, two defendants named by plaintiff are non-suable entities. The Erwin County Jail is a building, the Sheriff's Department [of Unicoi County] has no legal or corporate existence apart from Unicoi County, and neither defendant is a "person" within the meaning of § 1983 who can be sued under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 113 F.3d 1234, 1997 WL 225647, **1 (6th Cir. May 1, 1997) (jail is not a suable entity); *Brock v. Warren County, Tenn.*, 713 F.Supp 238 (E.D. Tenn. 1989) (sheriff's department is not a "person" subject to suit).

While defendant City of Erwin ["City"] can be sued, it will only be liable if plaintiff shows that its policy, custom, or practice caused a violation of his federal rights. *Monell*, 436 U.S. at 694. Plaintiff has not identified any policy or custom of the City which led to a violation of any of the rights conferred on him by the

Constitution. And defendant City "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* Thus, plaintiff fails to state a claim against defendant City of Erwin.

The above three defendants are **DISMISSED** from this action. This leaves Sheriff Kent Harris as the sole remaining defendant.

B. Claims

For ease of discussion, the claims are addressed individually.

1. *Threats*. Plaintiff first contends that other inmates were allowed to threaten him, but provides no factual development disclosing the nature of the threats, the identity of the perpetrator (s) of those threats, where and when the threats were made, or any other circumstances surrounding the making of threats. Thus, because this allegation has no factual underpinnings, it is conclusory. A conclusory allegation fails to state a claim for relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Smith v. Rose*, 760 F.3d 102, 106 (6th Cir. 1985).

Even if the allegations were factually sufficient, plaintiff still would not be entitled to relief under § 1983. The Eighth Amendment, which prohibits the infliction of cruel and unusual punishment, obliges prison officials to protect inmates from violence at the hands of other inmates. An Eighth Amendment violation occurs where a prisoner is exposed to a substantial risk of serious harm due to the deliberate

4

indifference of those officials. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). To establish deliberate indifference, plaintiff must show that defendant was aware of facts from which he could infer that such a risk existed <u>and</u> that he actually drew that inference. *Id.* at 837.

Plaintiff's allegations fall short of the mark. Threats alone will not afford him the relief he seeks since it is "the reasonably preventable assault itself, rather than any fear of assault that gives rise to a compensable claim under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Moreover, plaintiff has not alleged a physical injury and, absent such a contention, he cannot recover monetary damages for the mental disturbance he claims to have suffered. *See* 42 U.S.C. § 1997e(e) (prisoner must show prior physical injury to advance a claim for mental or emotional damages).

2. *Discrimination*. Plaintiff alleges that he has been discriminated against in connection with unidentified privileges and that the discrimination is based on the color of his skin. The Court infers that he is asserting that he has been denied equal protection of the law. If so, his contentions fail to state a claim entitling him to relief under § 1983.

To state an equal protection claim, plaintiff must show defendant intentionally discriminated against him based on his membership in a suspect class. *Washington*

*v. Davis*, 426 U.S. 229, 239 (1976); *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988) (a plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim."). Further, he must demonstrate that a discriminatory purpose was a factor in defendant's challenged practice. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1997). Also, he must prove that he was treated differently from those who are similarly situated to him. *Id*. at 270 n.21.

None of these things have been established here. Plaintiff does not allege that he is a member of a protected class, has not demonstrated any purposeful discrimination, and has not shown that he is similarly situated to other prisoners. Once again, plaintiff has failed to state a claim for a constitutional deprivation.

3. *Medication Distribution*. According to plaintiff, an unidentified jailer handed out medication on an unspecified date, "getting it mixed up." Defendant sheriff, however, bears no supervisory liability for the action of the jailer. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir.1995). Defendant will only be liable if plaintiff demonstrates that defendant authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of the jailer. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993)*; Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). Nothing of the sort has been shown here.

6

More important, there is no allegation that the jailer mixed up plaintiff's medication. Since plaintiff has not contended that he himself has suffered any actual or threatened injury fairly traceable to the mix-up in medication, he lacks standing to raise this claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992).

4. *Exercise of Religion*. Plaintiff's allegation consists only of this: "[D]eny my religion, exercise." Again, no facts support this claim. Plaintiff does not allege when and where he was denied his right to free exercise of his religion, identify his religious faith, or set forth any facts or circumstances which could be liberally construed as a First Amendment claim. Thus, as with his other allegations, plaintiff's contention is conclusory and does not state a claim for a First Amendment infringement.

5. *Confinement Conditions*. This last category of claims involves allegations that the jail was overcrowded, that plaintiff had to sleep on the floor, and that the cell, bathroom, toilet and shower—indeed, the whole cell block, was very nasty.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). If overcrowded conditions cause an inmate to be denied the minimal civilized measure of life's basic needs, such as food, warmth, or exercise, this would transgress the Eighth Amendment. *Wilson v. Seiter*, 501 U.S.

294, 298, 304 (1991).

In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). However, prison overcrowding, in and of itself, is not unconstitutional. *Owens v. Campbell*, 198 F.3d 246, 1999 WL 1023690, *1 (6th Cir. Nov. 5, 1999) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). A prisoner has no right to sleep on an elevated bed. *See Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (finding no merit in the allegation that it was unconstitutional to require a pretrial detainee to sleep on a mattress placed on the floor). Yet, forcing an inmate to sleep on the floor, in some cases, might qualify as an extreme deprivation. *See Foulds v. Corley*, 833 F.2d 52, 54 (5th Cir. 1987) (inmate's allegation that he was forced to sleep in a cold cell on a rat-infested floor states a colorable constitutional claim). Nevertheless, no such a circumstance appears to be present in this case.

But if there is such a circumstance and if sleeping on the floor constituted an extreme deprivation, the Court sees nothing in the pleading to indicate that defendant Harris knew about plaintiff's sleeping arrangement. And, it would be impossible for defendant to disregard an excessive risk of serious harm which was not known to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of

8

confinement unless the official knows of and disregards an excessive risk to inmate health or safety.")

Plaintiff also asserts that the cell and bathroom, including the toilet and shower, were unsanitary and "very nasty." Though plaintiff has a right to safe and sanitary living conditions, the instant allegations are devoid of any details that would enable to Court to evaluate the viability of the claims. *See Morgan v. Church's Fried Chicken*, 829 F.2d at 12 (claims must be supported by allegations of fact because bare contentions fail to state a claim under § 1983). Wholly conclusory claims such as these do not state a valid § 1983 claim. *Smith v. Rose*, 760 F.3d 102, 106 (6th Cir. 1985).

Moreover, if the alleged unsanitary conditions exposed plaintiff to a substantial risk of harm, he still must show deliberate indifference. Plaintiff does not maintain that defendant was aware of the supposed unsanitary conditions, that the conditions presented an excessive risk of serious harm to plaintiff, or that defendant disregarded the risk. Absent factual allegations to demonstrate deliberate indifference on the part of defendant, plaintiff cannot sustain his Eighth Amendment claim. *Wilson*, 501 U.S. at 302-03 (inmate claiming that his housing conditions amount to cruel and unusual punishment must establish that defendants possessed the requisite mental state).

IV. **Conclusion**

For the reasons set forth above, the Court finds that plaintiff has failed to state a claim entitling him to relief and also that he lacks standing to assert that medications were mixed up at the jail.

A separate order of dismissal will enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE